# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| SYED T. HASHIM, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:20-cv-01807 |
| IQ DATA INTERNATIONAL, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes SYED T. HASHIM ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of IQ DATA INTERNATIONAL, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq*., and the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.   This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas a subtotal portion of the events that gave rise to this action occurred within the Northern District of Texas.

**PARTIES**

4.    Plaintiff is a consumer over 18 years-of-age residing within the Northern District of Texas.

5.    Defendant is a third party debt collector that "has been serving the collection needs of businesses and consumers since 1998."[1] Defendant is a corporation organized under the laws of the state of Washington with its principal places of business located at 21222 30th Drive Southeast, Suite120, Bothell, Washington. Defendant engages in collection activity throughout the United States, including the state of Texas.

6.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7.    The instant action stems from Defendant's attempts to collect upon a cancelation apartment lease ("subject debt") Plaintiff purportedly owed to Eagle Crescent Apartments.

8.    Around September 2019, Plaintiff began receiving calls to his cellular phone number, (507) XXX-5294, from Defendant.

9.    At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -5294.  Plaintiff had always been financially responsible for the cellular phone and its services.

---

[1] https://iqdata-inc.com/about-us

10.  Defendant has used several phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to:(507) 218-8158, (507) 218-8159, and (507) 258-3643.

11.  Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its debt collection activity.

12.  Plaintiff, through his contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

13.  Upon speaking to Defendant, Plaintiff informed Defendant that he believed that he did not owe the subject debt and he was unable to satisfy the subject debt due to him being a student.

14.  Defendant's representative responded with hostility and aggressive rudeness in response to Plaintiff's explanation.

15.  Defendant threatened to ruin Plaintiff's credit if he did not immediately satisfy the subject debt.

16.  Plaintiff feared that Defendant would actually ruin his credit and pleaded with Defendant to give him so time to try to come up with the finances. Defendant aggressively responded that he would stay on the phone with Plaintiff and wait until he makes the full payment.

17.  Additionally, Defendant berated Plaintiff and told him to ask his fiancé for money.

18.  As a result of Defendant's hostile and aggressive response, Plaintiff disconnected the call.

19. Despite Plaintiff's efforts to ignore Defendant, Defendant had continued to regularly call his cellular phone.

20.  Plaintiff has received numerous phone calls from Defendant after the initial communication.

21.  Furthermore, throughout Defendant's collection campaign, Defendant failed to send Plaintiff any written correspondence notifying him of his rights pursuant to 15 U.S.C. §1692g.

22. Overwhelmed by Defendant's constant calls and frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in exhausting time and resources.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though full set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

27. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

28. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

29. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of FDCPA §1692d**

30. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

31. Defendant violated § 1692d through the threats made to Plaintiff. These threats were made not with the intent to follow through, but were instead designed to compel Plaintiff's payment on the subject debt. Defendant made these threats in order to harass and oppress Plaintiff into paying the subject debt despite being informed that Plaintiff is a student and could not afford to satisfy the subject debt.

32. Furthermore, Defendant violated §1692d(5) when it repeatedly called Plaintiff.  Defendant called Plaintiff numerous times after the initial communication with Plaintiff.  This repeated behavior of systematically calling Plaintiff's cellular phone in spite of Defendant knowing that Plaintiff is a student and unable to satisfy the subject debt was harassing and abusive.  The frequency and nature of calls shows that Defendant willfully called Plaintiff' with the goal of annoying and harassing him.

### b.  Violations of FDCPA § 1692e

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

35. Defendant violated §§ 1692e, e(5), and e(10) through its false threats to Plaintiff. Defendant made such threats not in a legitimate warning of action it intended to take, but instead to unduly increase the pressure on Plaintiff to address the subject debt.

36. Furthermore, Defendant violated §§ 1692e, and e(10) because it knew that Plaintiff is a student and habitual renter, thus it used such deceptive conduct in order to scare Plaintiff into satisfying the subject debt. Defendant attempted to mislead Plaintiff into believing that he had no option but to satisfy the subject debt in full without providing him further information.  Defendant used such deceptive conduct in order to dragoon Plaintiff into satisfying the subject debt.

### c.  Violations of FDCPA § 1692f

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff numerous time after being informed that Plaintiff had no means of satisfying the subject debt. Attempting to coerce Plaintiff into payment by placing voluminous phone calls is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

39. Furthermore, Defendant violated §1692f when it unfairly threatened Plaintiff. Defendant made these unfair threats in order to scare Plaintiff into making a payment on the subject debt when he could not afford to.

### d.  Violations of FDCPA § 1692g

40. The FDCPA, pursuant to 15 U.S.C. § 1692g(a) requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing" several pieces of information, including: "(1) the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing the debt within 30 days]; (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor . . . ." Furthermore, pursuant to 15 U.S.C. § 1692g(b), "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

41. Defendants violated § 1692g(a) by failing to provide the written information required within five days after the initial communication with Plaintiff. At no point has Plaintiff been provided any information in writing regarding the subject debt which outlines his rights under § 1692g.

WHEREFORE, Plaintiff, SYED T. HASHIM, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f.   Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

42. Plaintiff restates and realleges paragraphs 1 through 41 as though fully set forth herein.

43.  Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

44.  Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

45.  The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a.   Violations of TDCA § 392.302

46. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

47. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone numerous times after it was notified that Plaintiff is a student and could not afford to satisfy the subject debt. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

### b.   Violations of TDCA § 392.304

48. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

8

49. Defendant violated the TDCA through its false threats to Plaintiff. Defendant made such threats not in a legitimate warning of action it intended to take, but instead to unduly increase the pressure on Plaintiff to address the subject debt.

WHEREFORE, Plaintiff, SYED T. HASHIM, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.   Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c.   Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d.   Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e.   Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f.   Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g.   Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July  8, 2020                           Respectfully submitted,

                                               s/ Nathan C. Volheim (Lead Attorney)
                                               Nathan C. Volheim, Esq. #6302103
                                               *Counsel for Plaintiff*
                                               Sulaiman Law Group, Ltd.
                                               2500 South Highland Ave., Suite 200
                                               Lombard, Illinois 60148
                                               (630) 568-3056 (phone)
                                               (630) 575-8188 (fax)
                                               nvolheim@sulaimanlaw.com